# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PGA REALTY COMPANY, LLC, <br><br> Interpleader Plaintiff, <br><br> V. <br><br> SUSAN M. CROCKER, individually and as Trustee of THE SUSAN M. CROCKER IRREVOCABLE TRUST—2002, LAURIE CROCKER BRYCE, REBECCA CROCKER HAZELWOOD, and ALEXANDER WILLIAM CROCKER, <br><br> Interpleader Defendants | Civil Action No. <br> 1:21-CV-11312-LTS |

## ANSWER OF DEFENDANT LAURIE CROCKER BRYCE

The Defendant Laurie Crocker Bryce answers the corresponding numbered paragraphs of Plaintiff's Complaint as follows:

### I. INTRODUCTION

1. Paragraph 1 is a statement as to the reason the defendant has commenced this cause of action, therefore, it requires neither an admission nor denial from Defendant Laurie Crocker Bryce.

2. Defendant Laurie Crocker Bryce agrees with the statements contained in Paragraph 2.

3. Defendant Laurie Crocker Bryce, on information and belief, agrees with the statements contained in Paragraph 3.

4. Defendant Laurie Crocker Bryce agrees with the statements contained in Paragraph 4.

5. Defendant Laurie Crocker Bryce agrees with the statements contained in Paragraph 5.

6. Paragraph 6 is a statement as to the reason the defendant has commenced this cause of action, therefore, it requires neither an admission nor denial from Defendant Laurie Crocker Bryce.

## II.     PARTIES

7. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 7.

8. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 8.

9. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 8.

10. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 10.

11. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 11.

## III.     JURISDICTION AND VENUE

12. Defendant Laurie Crocker Bryce affirms the jurisdictional allegations of Paragraph 12.

13. Defendant Laurie Crocker Bryce affirms the jurisdictional allegations of Paragraph 12.

14. Defendant Laurie Crocker Bryce agrees that Venue is proper as alleged in Paragraph 14.

15. Defendant Laurie Crocker Bryce agrees that Venue is proper as alleged in Paragraph 15.

## IV.     FACTUAL ALLEGATIONS
### The Realty Trusts and Prior Litigation

16. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 16.

17. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 17.

18. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 18.

19. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 19.

20. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 20.

21. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 21.

22. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 22.

23. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 23.

24. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 24.

25. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 25.

26. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 26.

### The June 2002 Settlement Agreement

27. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 27.

28. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 28.

29. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 29.

30. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 30.

### The Susan M. Crocker Irrevocable Trust 2002

31. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 31.

32. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 32.

33. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 33.

34. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 34.

35. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 35.

36. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 36.

37. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 37.

38. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 38.
39. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 39.
40. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 40.
41. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 41.
42. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 42.
43. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 43.
44. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 44.

### Ms. Annino's Resignation as Trustee

45. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 45.
46. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 46.
47. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 47.
48. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 48.
49. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 49.
50. Defendant Laurie Crocker Bryce admits that the defendants have failed to agree upon and appoint a successor Trustee, but denies that she refused to do so, and avers that she made a good faith effort to find a second Trustee by agreeing to the potential candidates suggested by Defendant Rebecca Crocker Hazelwood's husband. Both candidates declined.
51. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 51.

### PGA and Termination of the Realty Trust

52. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 52.
53. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 53.
54. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 54.
55. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 55.
56. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 56.
57. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 57.

### The Disputed Distribution and Communications with Interpleader Defendants

58. Defendant Laurie Crocker Bryce, on information and belief, admits that PGA sold property yielding the amount stated. Defendant Laurie Crocker Bryce disputes that the SMC Trust is entitled to a distribution of $2,520,622.72 and avers that the SMC Trust is entitled to a $1,000,000 distribution with the remainder to be divided equally among the three Trust beneficiaries, Laurie Crocker Bryce, Rebecca Crocker Hazelwood and Alexander William Crocker.

59. Defendant Laurie Crocker Bryce admits that she has received her share of the net proceeds. Defendant Laurie Crocker Bryce admits that the SMC Trust has not received its distribution, hence this cause of action. Defendant Laurie Crocker Bryce believes Rebecca Crocker Hazelwood and Alexander William Crocker have received their shares.

60. Defendant Laurie Crocker Bryce admits the allegations of Paragraph 60.

61. Defendant Laurie Crocker Bryce, on information and belief, admits the allegations of Paragraph 61.

62. Defendant Laurie Crocker Bryce agrees with the assertions contained in Paragraph 62.

63. Defendant Laurie Crocker Bryce agrees with the assertions contained in Paragraph 63.

64. Defendant Laurie Crocker Bryce disagrees with the assertion in Paragraph 64 that "PGA's Managers have for years….raised these issues…." But acknowledges that PGA Managers have recently raised these issues after the recent sale of Trust Property. Defendant Laurie Crocker Bryce denies refusing to agree to a successor.

65. Defendant Laurie Crocker Bryce denies the assertions of Paragraph 65. Defendant Laurie Crocker Bryce avers that she and defendant Rebecca Crocker Hazelwood, with her husband acting as intermediary, were attempting to come to an agreement as to the acceptable amount of the distributions when this cause of action was filed and served upon her. Defendant Laurie Crocker Bryce asserts she never refused to agree to the solution suggested in Paragraph 65.

## V.     CAUSES OF ACTION

### Count I – Interpleader

66.     Defendant Laurie Crocker Bryce herein by reference incorporates all responses in paragraphs 1 through 65.

67.     Defendant Laurie Crocker Bryce, on information and belief, agrees with the allegations of Paragraph 67.

68.     Defendant Laurie Crocker Bryce, on information and belief, agrees with the allegations of Paragraph 68.

69.     Defendant Laurie Crocker Bryce, on information and belief, agrees with the allegations of Paragraph 69.

70.     Defendant Laurie Crocker Bryce, on information and belief, agrees with the allegations of Paragraph 70.

71.     Defendant Laurie Crocker Bryce, on information and belief, agrees with the part of the allegations of Paragraph 71 requesting that the Court should enter judgment determining to whom the Disputed Distribution should be made.

**WHEREFORE,**

Defendant Laurie Crocker Bryce respectfully requests that the Court

A.     Order PGA Realty Company, LLC, to pay to Susan M. Crocker the amount of $1,000,000 in accordance with the Susan M. Crocker Irrevocable Trust – 2002 (Exhibit B to Plaintiff's Complaint);

B.     Order PGA Realty Company, LLC, to pay the remainder of the sales proceeds to Laurie Crocker Bryce, Rebecca Crocker Hazelwood and Alexander William Crocker in accordance with the Susan M. Crocker Irrevocable Trust – 2002 (Exhibit B to Plaintiff's Complaint);

C. Discharge all Parties to this action from any and all liability to each relating in any way to the Disputed Distribution;

D. Determine such other relief as it deems appropriate.

Respectfully Submitted,

**LAURIE CROCKER BRYCE,**

By her attorney,

*/s/ Sharon Bryce DeGuglielmo*

Sharon Bryce DeGuglielmo (BBO # 552792)
25 LeBlanc Drive
Peabody, MA 01960
(978) 535-8779

Dated: 9/16/21

## CERTIFICATE OF SERVICE

I, Sharon Bryce DeGuglielmo, attorney for Defendant Laurie Crocker Bryce, hereby certify that on the _16th_ of September, 2021 a copy of ANSWER OF DEFENDANT LAURIE CROCKER BRYCE was served upon following parties by mailing a copy of same by first class mail, postage prepaid:

PGA REALTY COMPANY, LLC
Joseph P. Messina, Esq.
PRINCE LOBEL TYE, LLP
One International Place
Boston, MA  02110

Rebecca Crocker Hazelwood
2150 Hughes Road
Unit 701
Madison. AL 35758

Susan M. Crocker
831 Jasmine Creek Road
Poinciana, FL 3459

Alexander William Crocker
420 East Church Street
Orlando, FL  32801

_/s/ Sharon Bryce DeGuglielmo_